■ In the Matter of the Claim of JOAN LESPERANCE, Respondent, v. AMERICAN BAKERIES COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— A self-insured employer engaged in the baking of bread for sale to supermarkets appeals from a decision and award of the Workmen's Compensation Board. On February 27, 1960 claimant, a demonstrator of its product, sustained a back injury while lifting a carton of bread. Compensation was awarded and paid for total disability to April 8, 1960 and thereafter for partial disability until March 24, 1961. Based on a report of its examining physician dated February 28, 1961 stating that the disability had ceased and that claimant was able to perform her regular work the employer notified the board that it had stopped the payments of compensation. Thereafter the case was restored to a Referee's Calendar and a hearing held whereat medical testimony on the issue of causal relationship was adduced from an examining physician of the employer, the treating physician and a board physician. The record presents only a conflict of medical opinion and substantial evidence supports the finding of the board that claimant continued to have a partial disability subsequent to March 24, 1961 causally related to her accidential injury of February 27, 1960. Decision affirmed, with costs. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL ALLEN TEMPLE, Appellant.— Order denying application in the nature of a writ of error *coram nobis* affirmed. The form of the court's statement — that defendant was entitled to a lawyer of his own choice — was as explicit as that approved in *People* v. *Fink* (8 A D 2d 859, cert. den. 361 U. S. 920). Further, defendant was asked if the court's statement of his rights was "clear" and, again, whether he understood his "right to a lawyer", and to each question he replied, "Yes, sir." Finally, the record compiled upon the hearing afforded defendant is sufficient to establish a competent and intelligent waiver. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT DINGMAN, Appellant.— Order reversed and judgment of conviction vacated and case remanded to the Broome County Court for compliance with section 1943 of the Penal Law. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.